## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## WESTERN DIVISION

UNITED STATES OF AMERICA

v.                              No. 4:08CR00054-07 JLH

JASON GILBERT

### OPINION AND ORDER

Jason Gilbert was convicted of one count of conspiracy to interfere with commerce by robbery in violation of 18 U.S.C. § 1951(a). He was sentenced to forty-two months imprisonment to be followed by one year of supervised release. The Eighth Circuit affirmed Gilbert's conviction and his sentence. *United States v. Gilbert*, 721 F.3d 1000 (8th Cir. 2013).

Gilbert has now filed a motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. His motion asserts four grounds for relief:

(1) his trial lawyer failed to call him to testify even though he instructed his trial lawyer to do so;

(2) his trial lawyer failed to investigate and subpoena Steve Garrett of Grace Communications, Inc., who could have testified to the fact that the communication between police departments in Little Rock and North Little Rock do not exist to facilitate the commission of the crime;

(3) his right to due process was violated because the Court denied his motion to dismiss based on the five-year statute of limitations in 18 U.S.C. § 3282; and

(4) his trial lawyer was ineffective for failing to object to the sentencing enhancement that was not proven beyond a reasonable doubt.

To prevail on a claim of ineffective assistance of counsel, a defendant must show that his lawyer's performance was deficient and that the deficient performance prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064, 80 L. Ed. 2d 674 (1984). Proving that counsel was deficient "requires showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Id*. "Judicial scrutiny of counsel's performance must be highly deferential." *Id*. at 689, 104 S. Ct. at 2065. "[S]trategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable; and strategic choices made after less than complete investigations are reasonable precisely to the extent that reasonable professional judgments support the limitations on investigation." *Id*. at 690-91, 104 S. Ct. at 2066. Because of the distorting effects of hindsight and the difficulty of viewing counsel's representation of the client from the perspective available to defense counsel at the time of trial, "a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id*. Proving that the deficient performance prejudiced the defense requires showing that there is a reasonable probability that, but for defense counsel's mistakes, the result of the proceeding would have been different. *Id*. at 694, 104 S. Ct. at 2068. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id*. "When a defendant challenges a conviction, the question is whether there is a reasonable probability that, absent the errors, the factfinder would have had a reasonable doubt respecting guilt." *Id*. at 695, 104 S. Ct. at 2068-69. In determining whether there is a reasonable probability that but for counsel's mistakes the result would have been different, the Court must consider the totality of the evidence before the judge or the jury. *Id*. at 695, 104 S. Ct. at 2069.

As noted, Gilbert alleges that his trial lawyer failed to call him to testify even though he instructed his lawyer to do so. That claim is belied by the record. On the record, the Court explained to Gilbert his right to choose to testify or not to testify and asked him whether he would testify in his own defense or not. He stated that he chose not to testify. Hence, his allegation that he instructed his lawyer to call him to testify and his lawyer refused to do so is false.

Gilbert next alleges that his lawyer was ineffective for failing to call Steve Garrett of Grace Communications, Inc., who would have testified to the fact that the communication between North Little Rock and Little Rock did not exist to facilitate the commission of the crime. Gilbert's lawyer has submitted an affidavit in which he states that he spoke with Garrett prior to trial and had prepared him to testify that the Little Rock police radio would not intercept communication from the North Little Rock police. He decided not to call Garrett, however, after eliciting the same testimony from a witness called by the government in its case. Defense counsel then decided not to call Garrett because his testimony would have been redundant and there was a danger that Garrett would hurt the defense. Defense counsel was not ineffective for failing to call Garrett under these circumstances. Defense counsel's performance in this regard was not deficient, nor is there any likelihood that calling Garrett would have changed the outcome of the case.

Gilbert's third ground for relief is that his due process rights were violated because the Court denied his motion to dismiss based on the five-year statute of limitations. The limitations issue hinged in large part on whether there was one conspiracy in 2005 through 2007 or two. That issue was submitted to the jury, and it found that the government had proven beyond a reasonable doubt that there was one conspiracy. Gilbert challenged the sufficiency of the evidence to support that finding both in this Court and on appeal. This Court held that sufficient evidence supported the jury's

finding, and the Eighth Circuit affirmed. *Gilbert*, 721 F.3d at 1005. Thus, this issue has been decided by the Eighth Circuit and is not an appropriate grounds for a section 2255 motion. *United States v. Rhodes*, 730 F.3d 727, 731 (8th Cir. 2013).

Finally, Gilbert argues that the Court erred by enhancing his base offense level from 20 to 27 based on a fact or element that was not submitted to the jury or proven beyond a reasonable doubt. The base offense level for Gilbert's offense was 20. He received a five-level enhancement because a firearm was brandished during the course of the crime, and he received a two-level enhancement for abuse of a position of trust. Gilbert appealed the two-level enhancement for abuse of a position of trust, and the Eighth Circuit affirmed. *Gilbert*, 721 F.3d at 1007-08. He did not, however, appeal the five-level enhancement.

As the government notes in its response, it appears that Gilbert is arguing that his lawyer was ineffective for failing to object to these enhancements based on *United States v. Alleyne*, 133 S. Ct. 2151, 186 L. Ed. 2d 314 (2013). In that case, the Supreme Court held that facts that increase mandatory minimum sentences must be submitted to the jury and found beyond a reasonable doubt. *Id.* at 2163. That case does not apply, however, to Gilbert's case because his statutory minimum was not increased. Rather, the advisory guideline range for his sentence was increased, but the law does not require that facts that result in enhancements under the guidelines be submitted to the jury and found beyond a reasonable doubt. *United States v. Booker*, 543 U.S. 220, 249-58, 125 S. Ct. 738, 759-64, 160 L. Ed. 2d 621 (2005); *United States v. Hines*, 472 F.3d 1038, 1040 (8th Cir. 2007). There is no merit to Gilbert's fourth claim for relief.

## CONCLUSION

Jason Gilbert's motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255 is without merit and is hereby denied. Document #403. Because Gilbert has failed to make a substantial showing that he was denied a constitutional right, no certificate of appealability will be issued.

IT IS SO ORDERED this 25th day of February, 2014.

_____
J. LEON HOLMES
UNITED STATES DISTRICT JUDGE